1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF WASHINGTON
7

8    COLUMBIA PARK GOLF COURSE,
     INC., Washington
9    corporation,                      NO. CV-07-5054-EFS

10                  Plaintiff,
                                        **ORDER GRANTING AND DENYING IN**
11              v.                      **PART DEFENDANTS' MOTION FOR**
                                        **PARTIAL SUMMARY JUDGMENT**
12   CITY OF KENNEWICK, municipal
     corporation in and for the
13   STate of Washington; JAMES R.
     BEAVER, Mayor of Kennewick;
14   ROBERT HAMMOND, City Manager
     of Kennewick; and JOHN S.
15   ZIOBRIO, City Attorney for
     Kennewick,
16
                    Defendants.
17

18
          Before the Court, without oral argument, is Defendants' Motion for
19
     Partial Summary Judgment on RCW 4.96 Defense. (Ct. Rec. 58.) Plaintiff
20
     opposes the motion in part, contending that its contract claims are not
21
     barred by RCW 4.96 *et al.* After reviewing the submitted material and
22
     relevant authority, the Court is fully informed and grants and denies in
23
     part Defendants' motion. The reasons for the Court's Order are set forth
24
     below.
25
     ///
26
     ///


     ORDER * 1

**A.   Background[1]**

On February 2, 2007, Plaintiff's counsel Robert Dunn wrote a "demand letter" to the City of Kennewick ("the City"), which included a copy of the to-be-filed complaint.  (Ct. Rec. 46 ¶ 55; Ct. Rec. 63 ¶ 1.)  City attorney John Ziobro drafted an internal memorandum and circulated it on February 6, 2007, to the City Manager, the City Council, and the Mayor. The internal memorandum detailed, inter alia, that CPGC's contract claims were not subject to the notice requirements of RCW 4.96 *et seq.*  (Ct. Rec. 63 ¶ 2.)  On February 12, 2007, CPGC filed its RCW 4.96 Notice of Tort Claims by mailing it to the City's post office box.  (Ct. Rec. 46 ¶ 57; Ct. Rec. 63 ¶ 3.)  Also, on February 12, 2007, CPGC filed this lawsuit alleging, among other theories, contract claims and tort claims.

**B.   Authority and Analysis**

Defendants argue CPGC's contract and tort claims are barred by its failure to timely file a notice of claim as required by RCW 4.96 *et al.* CPGC agrees its *tort* claims are barred because of its failure to provide notice to the City at least sixty days before filing this action.  Given CPGC's concession, the Court grants Defendants' motion in part and dismisses CPGC's tort claims.  CPGC maintains, however, that RCW 4.96 *et*

---

[1]  In ruling on a motion for summary judgment, the Court considered the facts, including the parties' Joint Statement of Uncontroverted Facts (Ct. Rec. 72), and all reasonable inferences therefrom in the light most favorable to Plaintiff, the party opposing the motion.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1972) (*per curium*).  The following factual recitation was created utilizing this standard.

ORDER * 2

*al.* does not apply to contract claims and therefore it may pursue its contract claims.

The two statutes at issue are RCW 4.96.010 and 4.96.020. These statutes have been amended since their initial enactment in 1967, and Washington courts have been asked to analyze these sections on a number of occasions. Unfortunately, the Washington Supreme Court has not resolved, under the current version of the statutes, the question of whether a notice of contract claim must be presented to the local governmental entity in advance of a lawsuit.

The Court must interpret a statute to give effect to the Washington Legislature's intent. *See Stewart Carpet Serv. v. Contractors Bonding & Ins. Co.*, 105 Wn.2d 353, 358 (1986). In doing so, the Court is to look at the statute's subject matter and language, as well as the constructions placed on the statute by the Washington courts. *Id.; Pac. Sound Res. v. Burlington N. Santa Fe Ry.*, 130 Wn. App. 926, 935 (2005). The statute is to be given a "rational interpretation founded upon its design." *Murphy v. Campbell Investment Co.*, 79 Wn.2d 417, 421 (1971) (quoting *Discargar v. City of Seattle*, 25 Wn.2d 306, 311-12 (1946)).

1. <u>Legislative enactments</u>

The 1967 versions of RCW 4.96.010 and 4.96.020 apply only to claims for "damages arising out of tortious conduct" because this phrase was used repeatedly and general "damages" language was not used. Both sections were amended in 1993. The 1993 amendment to RCW 4.96.010(1) is the current version and reads in pertinent part:

> All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for *damages arising out of their tortious conduct*, or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to

> perform their official duties, to the same extent as if they were a private person or corporation. Filing a *claim for damages* within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory.

RCW 4.96.010(1) (emphasis added). The statute's first sentence uses the phrase "damages arising out of their tortious conduct," while the second sentence uses the general phrase "claim for damages."

RCW 4.96.020 was also amended in 1993 by adding a sixty-day required tolling period and the following two subsections:

> (1) The provisions of this section apply to claims for damages against all local governmental entities.

> (2) All claims for damages against any such entity for damages shall be presented to and filed with the governing body thereof within the applicable period of limitations within which an action must be commenced.

Then, in 2001, the Legislature amended RCW 4.96.020 to require the appointment of an agent to receive claims. RCW 4.96.020 was amended again in 2006 to reflect that it applies to claims for damages against local governmental officers, employees, and volunteers, and that a failure of the local governmental entity to appoint an agent precludes the entity from raising a defense under RCW 4.96. Accordingly, the following is the current version of RCW 4.96.020:[2]

---

[2] The captions for RCW 4.96.010 and 4.96.020 specifically refer to "tortious conduct," however "headings are generated by the code reviser and do not change the meaning of the law unless specifically adopted by the Legislature." *Washington v. Cooley*, 53 Wn. App. 163, 166 (1989); RCW 1.08.015.

ORDER * 4

(1) The provisions of this section apply to *claims for damages* against all local governmental entities and their officers, employees or volunteers, acting in such capacity.

(2) The governing body of each local governmental entity shall appoint an agent to receive *any claim for damages* made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located. *All claims for damages* against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, shall be presented to the agent within the applicable period of limitations within which an action must be commenced. The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.

(3) *All claims for damages arising out of tortious conduct* must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.

(4) No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for *damages arising out of tortious conduct* until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

ORDER * 5

RCW 4.96.020 (emphasis added).  The first two subsections utilize the language "claims for damages," while the latter two subsections utilize the language "damages arising out of tortious conduct."

2.  Case law

In 1993, the Washington Supreme Court analyzed the recently-enacted 1993 version and decided, "RCW 4.96.010 authorizes the filing of a claim for damages arising from tortious conduct as a condition precedent to bringing a suit, but not for other types of damages claims . . . ." *Wilson v. City of Seattle*, 122 Wn.2d 814, 822-23 (1993).  The Washington Supreme Court specifically noted that the "1993 amendments do not affect our analysis in this case."  *Id.* at 819 n.1.  RCW 4.96.010(1) has not been amended since 1993, and the amendments to RCW 4.96.020 since 1993 have not changed the "damages" language.

Notwithstanding the *Wilson* decision, the Washington Court of Appeals in 1994 in *Harberd v. City of Kettle Falls* determined that filing a notice of claim with the government entity is a condition precedent for both tort *and* contract claims – without citation to *Wilson.*  120 Wn. App. 498 (2004).  Defendants maintain that *Harberd* can be reconciled with *Wilson* because the two cases analyzed different versions of the statute; this is incorrect as both cases analyzed the 1993 version of the statutes.  Accordingly, there is a conflict between the holdings of these two cases.

3.  Analysis

This Court is to apply Washington state law to resolve state law claims.  *Erie R.R. C. v. Tompkins*, 304 U.S. 78, 79 (1938).  When the Washington Supreme Court has spoken, this Court is to accept its pronouncement "unless [the Washington Supreme Court] has later given

ORDER * 6

clear and persuasive indication that its pronouncement will be modified, limited, or restricted." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940); *see Air-Sea Forwarders v. Air Asia Co.*, 880 F.2d 176, 186 (9th Cir. 1989).    When the Washington Supreme Court has not spoken, a Washington Court of Appeals' decision is "a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.  *West*, 311 U.S. at 237.

Here, the Washington Supreme Court spoke in *Wilson*.  Although it is arguable that the Legislature intended the 1993 amendments to create a notice-of-claim-filing condition precedent for all claims - both contract and tort as the Court of Appeals decided in *Harberd* -, the Supreme Court specifically noted in *Wilson* that the 1993 amendments did not alter its determination that a notice of claim was a condition precedent only for tort claims.  Defendants argue, without citation to any authority, that the Washington Supreme Court's decision to deny review of *Harberd* indicates the Supreme Court agrees with the *Harberd* decision.  The Court concludes that denial of review is not "clear and persuasive indication" that the Supreme Court will modify its *William*'s holding.  *See West*, 311 U.S. at 236.

Defendants also argue the Washington Supreme Court's failure to address *Harberd* in its subsequent cases analyzing RCW 4.96.010 and 4.96.020 reflects the Supreme Court's agreement with *Harberd*.  This argument is tenuous at best given that the issues before the Washington Supreme Court in the cases following *Harberd* did not present any need to address *Harberd* or *Wilson*:  *Castro v. Stanwood School Distict*, 151 Wn.2d 221 (2004) (addressing the sixty-day tolling period in a negligence

ORDER * 7

1  action); *Boesteder v. City of Renton*, 155 Wn.2d 18 (2005) (involving

2  nuisance, trespass, and 42 U.S.C. § 1983 civil rights claims); *Troxell*

3  *v. Rainier Public School District*, 154 Wn.2d 345 (2005) (calculating

4  sixty-day tolling period in a tort action).  In fact, in one of the cases

5  cited by the City, the Washington Supreme Court stated, "the Court of

6  Appeals wrongly concluded that since petitioners' unfair labor practice

7  claim sounded in tort, the claim was subject to former RCW 4.96.020.

8  Unfair labor practice claims under chapter 41.56 RCW are not tort claims

9  for damages and are thus not subject to the claims filing statute."

10 *Wright v. Terrell*, ___ Wn.2d ___, 170 P.3d 570, 571-72 (2007).  This

11 statement indicates the Supreme Court will continue to abide by its

12 decision in *Wilson*.  *See also Burnett v. Tacoma City Light*, 124 Wn. App.

13 550, 558 n.11 (2004) (citing to *Wilson* for the proposition that "RCW

14 4.96.010(1) authorizes claim filing ordinances only for damages arise out

15 of tortious conduct of a local government entity").

16      Defendants also argue the Legislature is assumed to know the *Harberd*

17 decision and therefore the Legislature's failure to clarify that RCW

18 4.96.010 and 4.96.020 only create a claims-filing condition precedent for

19 tort claims indicates that the Legislature agrees with *Harberd*.  The

20 Legislature has not appeared to amend these statutes in response to

21 *Harberd*; however, the Legislature is presumed to know about *Wilson* as

22 well, which specifically ruled that presenting a claim is not a condition

23 precedent to actions other than those seeking damages for tortious

24 conduct.  The *Wilson* decision is a Washington Supreme Court decision and

25 therefore prevails over the conflicting Court of Appeals' *Harberd*

26 decision.

ORDER * 8

In addition, based on this Court's interpretation of the statutes, the Court agrees with *Wilson*.  In RCW 4.96.010, after specifically referring to "damages arising out of their tortious conduct, or the tortious conduct of their past or present officers . . . ," the Legislature opted to use the shorter phrase "filing a claim for damages." This shorter phrase does not change the scope of RCW 4.96.010.  Rather, the Legislature simply used a shorter phrase when specifying that the claim for damages caused by tortious conduct must be filed within the time for and prior to commencement of such action - this did not change the character of the conduct causing damage.

RCW 4.96.020 sets forth the procedural steps for filing the claim for damages as defined in RCW 4.96.010.  RCW 4.96.020 does not by its use of the phrase "claims for damages" expand the scope of RCW 4.96.010.  As used within RCW 4.96.020(1), the phrase "claims for damages" simply states that the "provisions of this section" applies to claims for damages which are explicity stated as "claims for damages arising out of tortious conduct" in subsections (3) and (4).  There is nothing to indicate any claim filing time limits or procedures for any other type of damages - further evidence to this Court that the claim-filing procedures are for "damages arising out of tortious conduct."  Also, nothing in RCW 4.96.020(2) changes that.  Subsection (2) requires the appointment of an agent to accept such claims and the presentation of such claims to that agent with preclusive effects if the local government entity fails to do so.  This legislative amendment alters nothing about the character of the damages as those "arising out of tortious conduct" as defined by RCW 4.96.010(1).  Accordingly, the Court finds filing a notice of claim is not a condition precedent to a contract action.

ORDER * 9

1    Defendants did not contest CPGC's position that its claims of

2  promissory estoppel, quantum meruit, and good faith and fair dealing are

3  contract claims.    Accordingly, *Wilson* requires this Court to conclude

4  that CPGC's breach of contract, promissory estoppel, quantum meruit, and

5  good faith and fair dealing claims are not barred by RCW 4.96 *et seq.*[3]

6  Therefore, Defendants' motion is denied in part.

7    In its Reply, Defendants ask the Court to certify the question of

8  whether filing a notice of claim is a condition precedent to filing

9  contract claims if the Court finds this question is unresolved. RCW

10 2.60.020 provides:

11       when in the opinion of any federal court before whom a
         proceeding is pending, it is necessary to ascertain the local
12       law of this state in order to dispose of such proceeding and
         the local law has not been clearly determined, such federal
13       court *may certify* to the supreme court for answer the question
         of local law involved and the supreme court shall render its
14       opinion in answer thereto.

15 (Emphasis added).  In review of *Wright* and *Burnett*, this Court is firmly

16 convinced *Wilson* remains the prevailing authority for the view that RCW

17 4.96 *et al.* applies only to tort claims and that there is no ambiguity

18 which requires referral of this question to the Washington Supreme Court.

19    Accordingly, **IT IS HEREBY ORDERED**:

20    1.  Defendants' Motion for Partial Summary Judgment on RCW 4.96

21 Defense **(Ct. Rec. 58)** is **GRANTED** (dismissal of CPGC's tort claims:

22 intentional    and    fraudulent    misrepresentation/bad    faith,    tortious

23

24 ──────────────

25       [3] CPGC's civil rights claim is not subject to the notice

26 requirements of RCW 4.96 *et seq.* either.  *See Wright v. Terrell*, 170 P.3d

570 (2007).

ORDER * 10

1   interference with business expectancy, negligent misrepresentation, and

2   negligence claims) **and DENIED IN PART** (contract claims).

3        **IT IS SO ORDERED.**  The District Court Executive is directed to enter

4   this Order and provide copies to counsel.

5        **DATED** this ___4th___ day of March, 2008.

6

7

8                    _____s/Edward F. Shea_____
                          EDWARD F. SHEA
9                   United States District Judge

10
    Q:\Civil\2007\5054.dismiss.rcw4.96.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 11