UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLUMBIA PARK GOLF COURSE, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF KENNEWICK, a municipal corporation in and for the State of Washington; JAMES R. BEAVER, Mayor of Kennewick; ROBERT HAMMOND, City Manager of Kennewick; and JOHN S. ZIOBRO, City Attorney for Kennewick,<br><br>    Defendants. | NO. CV-07-5054-EFS<br><br>**ORDER GRANTING, DENYING, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSE NOS. 1, 2, 4, 5, AND 7-17** |

A hearing occurred in the above-captioned matter on November 5, 2008. Plaintiff Columbia Park Golf Course (CPGC) was represented by Nicholas Kovarik. Michael Tierney appeared on behalf of Defendants City of Kennewick, James Beaver, Robert Hammond, and John Ziobro (hereinafter, collectively referred to as "the City"). Before the Court was CPGC's Motion for Summary Judgment Re: Affirmative Defense Nos. 1, 2, 4, 5, and 7-17. The City opposes the motion in large measure. After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements and memorializes the

ORDER * 1

Court's oral rulings granting, denying, and denying as moot CPGC's motion.

**A.  Affirmative Defense No. 1: failure to state a claim**

CPGC argues that the Complaint's causes of action are supported by the asserted facts and, therefore, this affirmative defense should be dismissed. The City responds that CPGC failed to establish the existence of valid claims.

The Complaint asserts the following causes of action: (1) breach of contract, (2) promissory estoppel, (3) quantum meruit/unjust enrichment, (4) intentional and fraudulent misrepresentation/bad faith, (5) tortious interference with business expectancy, (6) breach of good faith and fair dealing, (7) negligent misrepresentation, (8) vicarious liability, (9) negligence, and (10) 42 U.S.C. § 1983 violations. Because the Court previously dismissed CPGC's (a) tort claims due to CPGC's failure to comply with RCW 4.96 *et al.*'s notice of claim requirements and (b) § 1983 due process and equal protection, promissory estoppel, unjust enrichment, and quantum meruit claims, the Court denies this dismissal request as moot in part. The Court dismisses this affirmative defense in all other regards because the Complaint sets forth sufficient allegations to support the remaining breach of contract, breach of the implied covenant of good faith and fair dealing, and § 1983 impairment of contracts claims.

**B.  Affirmative Defense No. 2: lack of subject matter jurisdiction**

The City agrees that this affirmative defense is no longer applicable because the Court previously dismissed the tort claims. Accordingly, the motion is granted in part; affirmative defense no. 2 is dismissed.

ORDER ~ 2

**C.   Affirmative Defense No. 4: failure to mitigate**

CPGC asks the Court to dismiss the City's affirmative defense of failure to mitigate because there is mitigation evidence. The City contends that there are genuine factual issues as to whether CPGC mitigated its damages because Michael Lundgren testified that other locations for the RV Project would have been profitable as well.

A party injured by breach of a contract has a duty to mitigate damages. *Commodity Credit Corp. v. Rosenberg Bros. & Co.*, 243 F.2d 504 (9th Cir. 1957). Mitigation requires exercising ordinary care to avoid or minimize new or increased damages arising after the original event. *Bernsen v. Big Bend Elec. Co-op, Inc.*, 68 Wn. App. 427, 433 (1993); 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. 33.03 (5th ed. 2005). The breaching party has the burden of proving failure to mitigate. Wash. Prac., Wash. Pattern Jury Instr. Civ. 33.03.

The Court finds genuine factual issues exist as to whether CPGC mitigated its claimed damages resulting from alleged breaches of the CPGC Development Option Agreement and the implied covenant of good faith and fair dealing. The jury will determine whether the City met its burden of establishing failure to mitigate. CPGC's motion is denied in part.

**D.   Affirmative Defense No. 5: statute of limitations**

CPGC contends the statute of limitations affirmative defense should be dismissed because there are no facts supporting this defense. The City responds that this defense should remain because it is unclear whether CPGC is relying on facts that occurred more than six (6) years prior to June 6, 2006.

Because the contract claims arise out of the Development Option Agreement, which was executed on August 16, 2005, and the 42 U.S.C. §

ORDER * 3

1983 impairment of contract claim arises out of the City's June 6, 2006 conduct, this February 12, 2007 lawsuit is timely. *See* RCW 4.16.040 (six years for written contract); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three years for § 1983 action in Washington). CPGC's motion is granted in part; the statute of limitations defense is dismissed.

**E.    Affirmative Defense Nos. 7 and 8: waiver and estoppel**

CPGC asks the Court to dismiss the City's waiver and estoppel affirmative defenses because there is no evidence to support them. The City opposes this request, highlighting that it presented evidence on both of these arguments in connection with the pending summary judgment motions.

Because there are genuine factual issues as to (1) whether CPGC is estopped from arguing that the RV Project received approval for the golf course location given Lee Kerr's statements and silence at the May 2006 city council meeting, and (2) whether CPGC waived the right to proceed with litigation through its post-June 6, 2006 conduct, these affirmative defenses are retained for trial. The motion is denied in part.

**F.    Affirmative Defense No. 9: qualified and absolute immunity**

CPGC contends the City's asserted qualified and absolute immunity defense must be dismissed. The Court grants this request and dismisses this affirmative defense because the City and individual Defendants - who are city officials sued in their official capacity - are not entitled to qualified or absolute immunity. *See Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (citing *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 701 (1978)); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

**G.    Affirmative Defense No. 10: failure of consideration**

ORDER ~ 4

CPGC contends this affirmative defense should be dismissed because CPGC performed its Development Option Agreement obligations, with the exception of constructing the RV Project, which was prevented by the City. The City responds that CPGC failed to perform its obligation.

Failure of consideration, or failure of performance, is an affirmative defense when there is an agreement, but then for some reason the promised performance fails. 3 Williston on Contracts § 7:11 (2008). The burden of proving this defense is on the asserting party. *Id.* The Court is presently unsure how this affirmative defense applies here. Accordingly, the Court denies the request at this time.

**H.   Affirmative Defense No. 11: unclean hands and laches**

Because these affirmative defenses relate to the previously-dismissed unjust enrichment and quantum meruit claims, the Court denies this request as moot.

**I.   Affirmative Defense No. 12: accord and satisfaction**

CPGC seeks to dismiss the accord and satisfiaction affirmative defense because the negotiations following the City's termination of the RV Project never culminated in a resolution. The Court denies this request because, as discussed in the November 2008 summary judgment order, genuine issues of material fact exist as to whether an accord and satisfaction occurred.

**J.   Affirmative Defense No. 13: agreement to arbitrate**

The parties agree that this affirmative defense is not applicable; accordingly, the Court dismisses the agreement-to-arbitrate affirmative defense.

///

ORDER ~ 5

**K. Affirmative Defense No. 14: assumption of risk**

Again, because the parties agree that this affirmative defense is no longer applicable, the Court dismisses the assumption-of-risk affirmative defense.

**L. Affirmative Defense No. 15: doctrine of privilege**

CPGC asks the Court to dismiss the doctrine of privilege as an affirmative defense because absolute and qualified privilege protect a defendant from liability for defamatory statements - this is not a defamation case. The City contends that the privilege doctrine applies in more than just defamation cases and it is pertinent here given that CPGC is arguing that the City acted in bad faith when it decided not to allow an RV park at the golf course location - a decision made in the City's proprietary capacity as the owner of the golf course and park.

The Court is not persuaded by the City's argument. The case the City relies upon - *Quadra Enterprises, Inc. v. R.A. Hanson Co., Inc.*, 35 Wn. App. 523 (1983), - loosely used the term "privilege." It did not hold that the privilege doctrine applies outside of defamation cases. The doctrine's purposes as discussed in *Bender v. City of Seattle*, 99 Wn. 2d 582, 600-01 (1983), and *Demopolis v. Peoples National Bank of Wash.*, 59 Wn. App. 105 (1990), indicate that the privilege doctrine only applies to defamation cases. Accordingly, the Court grants CPGC's motion and dismisses the affirmative defense of doctrine of privilege.

**M. Affirmative Defense Nos. 16 & 17: statute of frauds & ultra vires**

CPGC seeks to dismiss both of these affirmative defenses. The City contends they are interrelated and should remain because CPGC is alleging the existence of oral contracts entered into by City officials.


The Court dismisses the statute of frauds affirmative defense because the writing requirement is satisfied by the written sublease and the Development Option Agreement. *See* RCW 19.36.010. In addition, full and partial performance are exceptions to the statute of frauds. *Puget Sound Pulp & Timber Co. v. O'Reilly*, 239 F.2d 607, 611 (9th Cir. 1956); *Clements v. Book*, 112 Wn.2d 217, 225-26 (1920). CPGC partially performed its sublease and Development Option Agreement requirements.

Lastly, the Court grants and denies, with leave to renew, the request to dismiss the ultra vires affirmative defense. The affirmative defense is dismissed as it relates to the City Council, yet retained to the extent that the City is free to argue at trial that a City employee was acting ultra vires.

**N.  Conclusion**

For the above given reasons, **IT IS HEREBY ORDERED**: Plaintiff CPGC's Motion for Summary Judgment Re: Affirmative Defense Nos. 1, 2, 4, 5, and 7-17 **(Ct. Rec. 191)** is:

- **GRANTED** (the following affirmative defenses are dismissed: (2) lack of subject matter jurisdiction, (5) statute of limitations, (9) qualified and absolute immunity, (13) agreement to arbitrate, (14) assumption of risk, (15) doctrine of privilege, and (16) statute of frauds);
- **DENIED** (the following affirmative defenses are retained: (4) failure to mitigate, (7) waiver, (8) estoppel, (10) failure of consideration/performance, and (12) accord and satisfaction);
- **DENIED AS MOOT** ((11) unclean hands and laches);
- **GRANTED AND DENIED AS MOOT IN PART** ((1) failure to state a claim); and

ORDER ~ 7

- • (17) ultra vires is **GRANTED** (City is bound by City Council's action) and **DENIED** (question of fact whether City is bound by employee's conduct).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this   7th    day of November 2008.


                                S/ Edward F. Shea
                              EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2007\5054.affirm.def.wpd

ORDER * 8