UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF WASHINGTON

COLUMBIA PARK GOLF COURSE,
INC., a Washington
corporation,                         NO. CV-07-5054-EFS

              Plaintiff,
                                     **ORDER GRANTING DEFENDANTS'**
       v.                            **MOTION FOR RECONSIDERATION OF**
                                     **DENIAL OF SUMMARY JUDGMENT ON**
CITY OF KENNEWICK, a                 **IMPAIRMENT OF CONTRACT CLAIM**
municipal corporation in and         ***AND* REMANDING ACTION TO BENTON**
for the State of Washington;         **COUNTY SUPERIOR COURT**
JAMES R. BEAVER, Mayor of
Kennewick; ROBERT HAMMOND,
City Manager of Kennewick;
and JOHN S. ZIOBRO, City
Attorney for Kennewick,

              Defendants.

     Before the Court, without oral argument, is Defendants' Motion for
Reconsideration of Denial of Summary Judgment on Impairment of Contract
Claim.  (Ct. Rec. 206.)  Defendants contend the impairment of contract
ruling is erroneous because (1) the Court's ruling leaves the jury to
determine the constitutionality of the City of Kennewick's action; (2)
neither Plaintiff Columbia Park Golf Course ("the Golf Course") nor the
Court identified any provision of the sublease that was impaired by the
City, (3) the Golf Course's claim is in fact a breach of contract claim;
and (4) the June 6, 2006 action was not "law."  The Golf Course opposes
the motion.  After reviewing the submitted material and relevant

ORDER * 1

authority, the Court is informed and determines its prior ruling was erroneous - an impairment of contract claim does not exist.  The reasons for the Court's Order are set forth below.

**A.    Standard**

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *Id.; Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

**B.    Authority**

Article I, § 10 of the U.S. Constitution states, "No State shall . . . pass any . . . law impairing the obligation of contracts. . . ." To establish an impairment of contract claim, a plaintiff must show the following: (1) the existence of a contract, (2) which the state substantially impaired (3) through legislation (4) that was neither reasonable nor necessary to meet an important social problem. *Univ. of Hawaii Prof. Assembly v. Cayetano*, 183 F.3d 1096, 1101-02 (9th Cir. 1999); *E & E Hauling, Inc. v. Forest Preserve Dist. of Du Page County, Ill.*, 613 F.2d 675, 678 (7th Cir. 1980).

ORDER * 2

1.  Contract

It is undisputed that the parties entered into the Columbia Park Golf Course Lease Agreement ("sublease") (Ct. Rec. 38 p. 13) and addendum (*id.* p. 27). The City contends that the Golf Course must identify the specific contract provision that is claimed impaired. Case law does not articulate such a requirement. In fact, the plaintiffs in *Cayetano* pursued an impairment of contract claim on implicit collective bargaining act terms. *Cayetano*, 183 F.3d at 1102. Accordingly, the Court finds that the first requirement - existence of a contract - is satisfied.

2.  Substantial Impairment

Mere refusal to perform is not an impairment; rather, the impairment must be substantial. *E & E Hauling*, 613 F.2d at 678. To determine whether an impairment exists, courts ask whether "the law will be a defense to a suit seeking damages." *Id.* at 679; *Cayetano*, 183 F.3d at 1103; *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1251 (7th Cir. 1996). This is because an impairment does not exist if a breach of contract claim is available. *TM Park Ave. Assocs. v. Pataki*, 214 F.3d 344, 349 (2d Cir. 2000) (quoting *E & E Hauling*, 613 F.2d at 679) ("The distinction between a breach of contract and an impairment of contract 'depends on the availability of a remedy in damages.'").

It is th second factor - substantial impairment of the sublease - that the Court finds the Golf Course failed to establish. The sublease required the Golf Course to make capital improvements to the property. A genuine dispute[1] exists as to whether the parties agreed that the RV

---

[1] The Court recognizes that an impairment of contract claim is a constitutional claim to be decided by the Court. *See Eunique v. Powell*,

ORDER * 3

1  project would serve as a sublease capital improvement.  The Golf Course
2  contends that the parties so agreed and that the City Council's June 6,
3  2006 RV project prohibition at the golf course location constitutes a
4  substantial impairment of the sublease for which a breach of contract
5  claim is unavailable.

6      Assuming the parties agreed that the RV project would serve as a
7  sublease capital improvement, the Court concludes that the City Council's
8  June 6, 2006 action,[2] prohibiting the RV project at the golf course
9  location, would constitute a *breach* of that agreement – not a *defense* to
10 a claim for breach of the sublease.  The Golf Course did not pursue a
11 claim for breach of the sublease in this lawsuit.  The Court is unaware
12 of the Golf Course's reasoning for not bringing such a claim;
13 nevertheless, such reasoning is immaterial to the instant issue: whether
14 the City Council's June 6, 2006 action precluded the Golf Course from
15 bringing a claim for breach of the sublease – it did not.  Therefore, an
16 impairment of contract claim does not exist.  For this reason, the Court

17 _____

18 302 F.3d 971, 973 (9th Cir. 2002); *Masayesva v. Hale*, 118 F.3d 1371, 1378
19 (9th Cir. 1997).  However, the jury could have resolved factual issues.
20 *See Seattle, R & S. Ry. Co. v. City of Seattle*, 190 F. 75, 77-79 (W.D.
21 Wash. 1911) (citing to *Iron Mountain R. Co. of Memphis v. City of*
22 *Memphis*, 96 F. 113, 130 (1899).

23

24    [2]  The Court abides by its prior ruling that the City Council's June
25 6, 2006 enactment was "law."  *See E & E Hauling*, 613 F.2d at 678 (citing
26 to *St. Paul Gas Light Co. v. City of St. Paul*, 181 U.S. 142, 148 (1901)).

ORDER * 4

determines its earlier ruling was erroneous and grants summary judgment in Defendants' favor as to the Golf Course's impairment of contract claim.

**C.    Conclusion**

The Court has now granted summary judgment in Defendants' favor on all of the Golf Course's federal claims.  After considering "the values of economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands these claims to state court.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

For the above given reasons, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion for Reconsideration of Denial of Summary Judgment on Impairment of Contract Claim **(Ct. Rec. 206)** is **GRANTED.**

2.    The Court's November 7, 2008 Order (Ct. Rec. 203) is reconsidered in part:  Defendants' Motion for Partial Summary Judgment on Federal Claim **(Ct. Rec. 79)** is **GRANTED.**    All of the Golf Course's federal claims, including the impairment of contract claim, are **DISMISSED.**

3.    All pending pretrial and trial dates are **STRICKEN.**

4.    This case is **REMANDED** to Benton County Superior Court (07-2-00289-5).

///

///

///

///

ORDER * 5

1        **IT IS SO ORDERED.**  The District Court Executive is directed to enter

2   this Order and provide copies to counsel.

3        **DATED** this  6th  day of January 2009.

4

5                            S/ Edward F. Shea
                         EDWARD F. SHEA
6                 United States District Judge

7
    Q:\Civil\2007\5054.reconsid.impair.K.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26


ORDER * 6